UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD MCNEIL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1917 JCH |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Richard McNeil's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On October 13, 2000, a jury in the Circuit Court of St. Louis County, Missouri, found Petitioner guilty of three counts of rape, three counts of incest, one count of statutory rape in the first degree, two counts of statutory rape in the second degree, two counts of sexual abuse in the first degree, one count of statutory sodomy in the first degree, and five counts of sodomy. Petitioner received sentences totaling three consecutive terms of life in prison. Petitioner's convictions and sentences were affirmed on appeal. State v. McNeil, 72 S.W.3d 598 (Mo. App. 2002). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. McNeil v. State, 165 S.W.3d 558 (Mo. App. 2005).

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following twelve grounds for relief:

(1) That the trial court erred in denying Petitioner's motion to dismiss for improper joinder, and to sever for trial the counts involving the three child victims;

(2) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to object to the prosecutor's comments during voir dire on the grounds they improperly referenced Petitioner's right not to testify;

(3) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to request that the trial court dismiss Counts 1 and 2 of the indictment;

(4) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to investigate, interview, and/or call Derrick Zackery Neel, Jr., as a witness on Petitioner's behalf;

(5) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to request that Counts 1, 2, 7, 8, 9, and 10 of the indictment be dismissed, after Petitioner's daughter testified at trial she could not, "recall anything happening between 1996 and 1997, the date the prosecutor alleged the offenses occurred";

(6) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to file a motion for "discovery and disclosure" of all reports taken by Luzette Wood of Cardinal Glennon Hospital;

(7) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to object to the State offering photo exhibits 12a and 12b into evidence;

(8) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to obtain the services of a specialist in the field of child sexual abuse and/or maltreatment;

(9) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to obtain a continuance longer than the two-week continuance granted by the trial court;

(10) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to call witnesses on Petitioner's behalf;

(11) That Petitioner received ineffective assistance of trial counsel, in that trial counsel, "defended [P]etitioner under an incredible defense"; and

(12) That Petitioner received ineffective assistance of trial counsel, in that trial counsel convinced Petitioner not to testify on his own behalf.

(Doc. No. 1-1, PP. 7-17). The Court will address Petitioner's claims in turn.

## DISCUSSION

A. **Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The Court's review of the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

B. **Procedural Bar**

1. **Grounds 3 Through 10**

In Grounds 3 through 10 of his petition, Petitioner raises various claims of ineffective assistance of trial counsel. (Doc. No. 1-1, PP. 10-15). A review of the record reveals that, while

Petitioner raised Grounds 3 through 10 in his pro se post-conviction motion, (Resp. Exh. F, PP. 5-16), he pursued the claims in neither his amended post-conviction motion, nor his appeal of the denial of that motion. (See Resp. Exh. F, PP. 31-46; Resp. Exh. H). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

In his § 2254 petition, Petitioner concedes that Grounds 3 through 10 are procedurally defaulted. Petitioner attempts to demonstrate cause for his failure to raise the claims in state court, by stating that his court appointed counsel did not include the claims in his amended 29.15 motion. (Doc. No. 1-1, PP. 10-15). Ineffective assistance of post-conviction counsel, however, does not excuse a procedural default. See Interiano v. Dormire, 471 F.3d 854, 856-57 (8th Cir. 2006); Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005), cert. denied, 126 S.Ct. 1351 (2006). Petitioner's claims of ineffective assistance of trial counsel raised in Grounds 3 through 10 of the instant petition therefore remain procedurally defaulted and must be denied.

**2. Grounds 11 and 12**

In Grounds 11 and 12 of his petition, Petitioner raises claims of ineffective assistance of trial counsel. (Doc. No. 1-1, PP. 16-17). A review of the record reveals that these claims were never raised in any state court proceeding. As stated above, a claim must be presented at each step of the

judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d at 53 (citation omitted). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. at 731-32; Forest v. Delo, 52 F.3d at 719; Keithley, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

In his § 2254 petition, Petitioner concedes that Grounds 11 and 12 are procedurally defaulted. Petitioner requests that the grounds be considered under the actual innocence standards of Wainwright v. Sykes, 433 U.S. 72 (1977), and Schlup v. Delo, 513 U.S. 298, 327 (1995). (Doc. No. 1-1, PP. 16-17). Under the law of this district, however, "a credible claim of actual innocence requires [a] petitioner to support his allegation of constitutional error with new reliable evidence." Burton v. Dwyer, 2005 WL 1661512 at *7 (E.D. Mo. Jul. 8, 2005) (internal quotations and citations omitted). In his petition, Petitioner does not identify any new evidence, in light of which no reasonable jury could have found him guilty. Petitioner's, "bare, conclusory assertion that he is innocent is insufficient to excuse Petitioner's procedural default." See Burton, 2005 WL 1661512 at *7, citing Sweet v. Delo, 125 F.3d 1144, 1152 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998). Grounds 11 and 12 thus remain procedurally defaulted, and must be dismissed.[1]

**C.**     **Claims Addressed On The Merits**

    **1.**     **Ground 1**

---

[1] The above discussion applies with equal force to any claim of actual innocence Petitioner may be asserting to excuse his procedural default of grounds 3 through 10 as well.

In Ground 1 of his petition, Petitioner claims the trial court erred in denying his motion to dismiss for improper joinder, and to sever for trial the counts involving the three child victims. (Doc. No. 1-1, PP. 7-8). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> On appeal, [Petitioner] alleges the trial court abused its discretion in overruling his motion to dismiss for improper joinder and to sever for trial the counts involving the three minor victims. [Petitioner] claims that the offenses were not of the same or similar character, and he was prejudiced by the trial court's refusal to sever because the jurors were likely to consider evidence from one count when deciding the other counts.
>
> To address [Petitioner's] claim of error, we employ a two-part analysis. State v. Meder, 870 S.W.2d 824, 828 (Mo. App. 1993). We first must determine whether the offenses were properly joined. Id. Upon determining that joinder was proper, we must consider whether the trial court abused its discretion by denying the motion to sever and trying the offenses in a single prosecution. Id. "Joinder involves the basic question of what crimes can be charged in a single prosecution as a matter of law, while severance assumes that joinder is proper and allows the trial court discretion to determine whether prejudice would result if the charges were tried together." Id.
>
> At the outset, we note that [Petitioner] has neither a federal nor a state constitutional right to be tried on only one offense at a time. State v. Hemme, 969 S.W.2d 865, 869 (Mo. App. 1998). Moreover, for the sake of judicial economy, liberal joinder of criminal charges is favored. Id.
>
> Joinder of offenses is governed by section 545.140.2, which provides:
>
>> Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
>
> Rule 23.05 also provides for joinder of offenses as follows:
>
>> All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that

> constitute parts of a common scheme or plan may be charged
> in the same indictment or information in separate counts.

Joinder is deemed proper if one of the requirements in Rule 23.05 or section 545.140.2 is present. *See* Meder, 870 S.W.2d at 828. The requirement applicable to this case is whether the offenses are of the same or similar character. We consider whether the manner in which the crimes were committed were so similar that it is likely the same person committed all of the offenses. Id. Similar tactics are sufficient to constitute acts of the same or similar character. State v. Spencer, 50 S.W.3d 869, 879 (Mo. App. 2001). Identical tactics are not required, and tactics that resemble or correspond in nature will suffice. Meder, 870 S.W.2d at 828.

We find the offenses charged are of the same or similar character. All of the charges filed against [Petitioner] involved illicit sexual conduct toward minors. [Petitioner] occupied a role as a male authority figure in the lives of each of his victims, one victim being his daughter and the other two being the daughters of his girlfriends. All of the victims either knew each other or spent time together. Most of the incidents occurred in a bedroom, and [Petitioner's] conduct with each victim eventually culminated in sexual intercourse. In addition, [Petitioner] prodded one of the victims into performing sexual acts by telling her that if the other victim could do it, she could as well. Finally, [Petitioner] purchased gifts for two of the victims after the sexual acts. The differences suggested by [Petitioner], including the period of time during which these acts occurred, do not defeat the otherwise proper joinder of these offenses under Rule 23.05.

We must next consider whether the trial court abused its discretion in denying the motion to sever. Severance of multiple offenses is governed by section 545.885.2 and Rule 24.07, which provide for severance upon a particularized showing of substantial prejudice. Substantial prejudice equates to a bias or discrimination against the [petitioner] that is actually existing or real and not one that is merely imaginary, illusionary, or nominal. Section 545.885.2.

"Severance is a matter within the sound discretion of the trial court directed toward achieving a fair determination of the [petitioner's] guilt or innocence of each offense charged." State v. Conley, 873 S.W.2d 233, 238 (Mo. banc 1994). To determine whether it was an abuse of discretion, we consider the number of offenses joined, the complexity of the evidence, and the likelihood that the jury could distinguish the evidence and apply it, without confusion, to each offense. Spencer, 50 S.W.3d at 879.

The offenses [Petitioner] was charged with were not overly complex, and the testimony presented by each minor victim was uncomplicated and straightforward. Each offense was clearly set out in the instructions, and the jury was explicitly instructed to consider each count separately. There is nothing in the record to indicate that the jury could not distinguish the evidence for each offense charged.

>       [Petitioner] alleges he was prejudiced in that the jury could have used the evidence of guilt for one act as evidence of guilt for the other acts, and the state was able to bootstrap the strength of one victim's case to bolster the weaknesses in the other cases. Nevertheless, "the mere fact that juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one does not call for severance." Id. [Petitioner] has failed to make a particularized showing that the jury was unable to separate what evidence was relevant as to each victim and each count.
>
>       [Petitioner] also argues that the abhorrent nature of his biological daughter's allegations was used to strengthen the weaknesses in the other victims' cases. We find this reasoning to be faulty as the jury could find [Petitioner's] abuse of his role as a male authority figure in each victim's life equally abhorrent.
>
>       Finally, we note that the jury could not reach a decision on four of the counts against [Petitioner]. While this circumstance is probably not sufficient to prove joinder was lawful, it is appropriate to consider when determining whether the trial court abused its discretion in denying the motion for severance. State v. Spencer, 62 S.W.3d 623, 626 (Mo. App. 2001). We find no such abuse of discretion here.

(Resp. Exh. E, PP. 2-5).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

>       (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>       (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>       (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court does not find the Missouri court's determinations, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See Fed.R.Crim.P. 8(a).

See also United States v. Johnson, 462 F.3d 815, 821-22 (8th Cir. 2006); United States v. Escarsega, 182 Fed. Appx. 595, 598 (8th Cir. 2006). Further, the Court's review of the record reveals the determinations did not, "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(2). The determinations thus are entitled to deference pursuant to 28 U.S.C. § 2254(d), and Ground 1 of Petitioner's petition must be denied.

### 2. **Ground 2**

In Ground 2 of his petition, Petitioner claims he received ineffective assistance of trial counsel, in that trial counsel failed to object to the prosecutor's comments during voir dire on the grounds they improperly referenced Petitioner's right not to testify. (Doc. No. 1-1, P. 9). After the 29.15 motion court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his 29.15 motion. The Missouri Court of Appeals then denied the claim as follows:

> For his sole point on appeal, [Petitioner] contends that the motion court clearly erred in denying his 29.15 motion because his trial counsel was ineffective for failing to object to the prosecutor's comments during voir dire on the ground that the statements were improper comments on his right to testify and for failing to request the court to instruct the jury to disregard the reference, or, alternatively, for failing to move for a mistrial. He argues that had an objection been made and sustained, and had there been a jury admonition to disregard the statement, the outcome of the trial would have been different....
>
> In order to establish ineffective assistance of counsel, a [petitioner] must show that: 1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and 2) [petitioner's] defense was prejudiced by his counsel's poor performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); State v. Hall, 982 S.W.2d 675, 680 (Mo. banc 1998). A [petitioner] must show both elements in order for the court to find that the conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

"'Decisions concerning whether or when to make objections at trial are left to the judgment of counsel.'" State v. Colbert, 949 S.W.2d 932, 940 (Mo. App. 1997), quoting State v. Suarez, 867 S.W.2d 583, 587 (Mo. App. 1993). To obtain relief for counsel's failure to object at trial under Rule 29.15, a [petitioner] must show that the objection would have been meritorious. State v. Jackson, 865 S.W.2d 678, 680 (Mo. App. 1993). Counsel will not be found to be ineffective for failing to make nonmeritorious objections. State v. Kreutzer, 928 S.W.2d 854, 869 (Mo. banc 1996); Jameson v. State, 125 S.W.3d 885, 891 (Mo. App. 2004).

During the first day of voir dire, the prosecutor asked the venire questions relating to their understanding of how to evaluate credibility. On the second day of voir dire, the prosecutor told the venire:

> Q. We talked about witness credibility yesterday. I don't want to go over those again. You heard about those yesterday. I'm going to ask you this question. The State and the defense may present evidence. The defense may present evidence if they want, but they don't have to. That is because the State has the [] burden of proof, but if the defense does present evidence, the same standard of credibility applies as it does to the State's witnesses[.] [I]t's the same standard across the board.

At the 29.15 hearing, [Petitioner's] trial counsel, Brad Kessler, testified that he did not object to the prosecutor's comments on voir dire because he did not believe the prosecutor was commenting on [Petitioner's] right not to testify. Mr. Kessler testified that he thought the prosecutor's reference "was a comment on the credibility of witnesses and they must be judged the same across the board."

The motion court denied [Petitioner's] claim that trial counsel was ineffective for the reason that the prosecutor's comments were not direct or indirect comments on [Petitioner's] right not to testify. The court specifically found:

> The statements of which [Petitioner] complains are brief and were followed by the assistant prosecuting attorney's question to two venire persons inquiring if they were comfortable with the proposition that the same standard to determine credibility should apply to all witnesses whether called by the state or defense. Both responded in the affirmative and the assistant prosecuting attorney then moved on to another line of questioning. There was no calculated intent on the part of the prosecutor to magnify [Petitioner's] decision not to testify. State v. Richardson, 923 S.W.2d 301, 314 (Mo. banc 1996). Finally, the comments do not refer to [Petitioner's] failure to testify or right not to testify...The Court finds these comments

> are not a direct or indirect reference to [Petitioner's] right to testify.
>
> The prohibition against alluding to [Petitioner's] failure to testify on his own behalf applies to the entire trial, including voir dire. State v. Spencer, 50 S.W.3d 869, 876 (Mo. App. 2001); Rule 27.05(a). A direct reference is one in which the prosecutor's reference is straight forward, definite, and certain. State v. Burrell, 944 S.W.2d 948, 951 (Mo. App. 1997). It occurs when the prosecutor uses words such as "defendant," "accused," and "testify." Spencer, 50 S.W.3d at 876. "'An indirect reference is one reasonably apt to direct the jury's attention to the [petitioner's] failure to testify.'" Id., quoting State v. Neff, 978 S.W.2d 341, 344 (Mo. banc 1998). An indirect reference requires reversal only if there was "a calculated intent to magnify" the [petitioner's] decision not to testify so as to call it to the jury's attention. Neff, 978 S.W.2d at 344.
>
> In this case, the prosecutor's comments during voir dire did not constitute a direct reference to [Petitioner's] right not to testify. In addition, they did not constitute an indirect reference that operated to focus the jury's attention on [Petitioner's] decision not to testify. The prosecutor's statement that the defense did not have to present evidence, but if it did, it was governed by the same standard of credibility, was not an improper comment on [Petitioner's] decision not to testify, but was merely a restatement of the law and a general comment concerning the rights of the defense in any criminal trial. See State v. Barnum, 14 S.W.3d 587, 592 (Mo. banc. 2000) (distinguishing State v. Lindsey, 578 S.W.2d 903 (Mo. banc 1979)). In context, the challenged comments do not show that the prosecutor had a calculated intent to call the jury's attention to [Petitioner's] decision not to testify.
>
> The motion court's finding that [Petitioner] was not denied effective assistance of counsel because any objection to the prosecutor's comment on voir dire would not have been sustained is not clearly erroneous. Point one is denied.

(Resp. Exh. J, PP. 2-5).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with this claim, Petitioner satisfies neither prong of the Strickland test. With respect to the first prong, the Court's review of the record reveals the state courts' determination that Petitioner's trial counsel's performance was adequate is entitled to deference. Specifically, this Court agrees that the prosecutor's statement was not an improper comment on Petitioner's decision not to testify, but rather represented merely a restatement of the law and a general comment concerning the rights of the defense in any criminal trial. Thus, because the statement itself was permissible, any objection by counsel would have been futile, and counsel cannot be held constitutionally deficient for failing to raise a nonmeritorious objection.

With respect to the second <u>Strickland</u> prong, the Court finds Petitioner fails to demonstrate the requisite prejudice as well. Specifically, the Court notes the Missouri trial court gave the following instruction to the jury in Petitioner's case: "Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify." <u>See</u> Respondent's Exh. A, P. 101. With this instruction, the Court finds any potential prejudice was cured, and so Petitioner's request for habeas relief on this ground must be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>5th</u> day of February, 2007.

<u>/s/ Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE